UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO STEEL COMPANY(INC.),
a New Mexico corporation,

    Plaintiff,

    v.                                          CIVIL NO. 97-1169 BB/DJS

PURITAN-BENNETT CORPORATION,
a Delaware corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendant's Motion to Compel Arbitration.  The Court having reviewed the pleadings and being fully advised in the premises finds that Defendant's Motion is well taken and shall be granted.

On or about November 18, 1996, the Plaintiff and Defendant entered into an Agreement for Purchase and Sale of Assets (Purchase Agreement) whereby Defendant agreed to purchase certain assets from Plaintiff.  Section 2.2(a) of the Purchase Agreement provides the following:

    (a)  Not later than 150 days from the Closing Date, Purchaser shall deliver to Seller a schedule indicating the number of Gas Cylinders which Purchaser has accounted for as the date that is 120 days from the Closing Date.  Based on the value ascribed to each Gas Cylinder on Exhibit A, Purchaser's schedule shall indicate either: (i) any additional amount owing from Purchaser to Seller in consideration of the Gas Cylinders based on the value of accounted

for Gas Cylinders as of such date being greater than the consideration already paid for the Gas Cylinders under Section 2.1(a) above; or (ii) any amount owing from Seller to Purchaser based on the value of accounted for Gas Cylinders as of such date being less than consideration already paid for the Gas Cylinders under Section 2.1(a) above.  Seller shall have thirty (30) days in which to accept such schedule or to challenge it by delivering a notice of dispute (a "Notice of Dispute") to Purchaser.  If no such notice is delivered within such thirty (30) day period, Purchaser's schedule shall be conclusive and the amount indicated thereon shall be paid by Purchaser to Seller or by Seller to Purchaser, as the case may be.  If a Notice of Dispute is delivered within such thirty (30) day period, the parties shall have an additional twenty (20) days to resolve any dispute through negotiation.  <u>Following such twenty (20) day period, any remaining dispute shall be submitted to a mutually acceptable nationally recognized accounting firm, whose judgment shall be conclusive</u>.  The fees of such firm shall be borne equally by the parties.  Any Gas Cylinders not accounted and paid for by the Purchaser as provided above, shall not be deemed to be part of the Medical Gas Assets transferred hereunder and shall remain the property of the Seller.  (Emphasis added).

Subsections (b) through (d) of Section 2.2 provide nearly identical language with regard to accounts receivable, inventory, and office equipment, respectively.

Plaintiff filed suit on August 29, 1997.  In Count Two of its Amended Complaint, Plaintiff contends that Defendant has waived its right to enforce the dispute resolution mechanisms in the Purchase Agreement by failing to forward the above-described schedules in a timely manner.

The Purchase Agreement provides that the agreement and the legal relations amoung the parties shall be governed by and construed in accordance with the laws of the State of New Mexico.  Therefore, the New Mexico Arbitration Act, NMSA 1978 §44-7-1 to 22,

2

applies.[1]

The issue before this Court is whether the terms of this agreement mandate that the disputes in Plaintiff's Complaint be arbitrated.

The New Mexico Arbitration Act provides that any "provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable."  NMSA 1978 §44-7-1.  New Mexico courts have long favored arbitration and have expressed a strong public policy for resolution of disputes by arbitration.  Fernandez v. Farmers Ins. Co. Of Arizona, 115 N.M. 622, 857 P.2d 22 (1993).  When parties have agreed to arbitrate the court will order arbitration.  Daniels Insurance Agency, v. Jordan, 99 N.M. 297, 657 P.2d 624 (1982).

The agreement defines the scope of jurisdiction of arbitration.  Christmas v. Cimarron Realty Co., 98 N.M. 330, 332, 648 P.2d 788, 790 (1982).  Defendants are correct in arguing that the arbitration language in the agreement does not apply to all controversies arising out the Purchase Agreement.  In reviewing the Complaint, however, it is also clear that, assuming no waiver, the issues in the Complaint must be arbitrated.  In the Complaint, Plaintiff alleges the following:  Defendant agreed to pay Plaintiff

---

[1] The parties do not argue whether the Federal Arbitration Act, 9 U.S.C. §§1-14, applies.  The Court does not need to decide if it does because under both the New Mexico Arbitration Act and the Federal Arbitration Act, Defendant prevails on the issue before the Court.  See United Nuclear Corp. v. General Atomic Co., 93 N.M. 105, 597 P.2d 290 (1979).

one Million Six Hundred Thirty-Five Thousand Eight Hundred Eight-Six and no/100 Dollars ($1,635,886.00) as the total Purchase Price. The payment of the total Purchase price was subject to post closing adjustments in the amount to be paid for Gas Cylinders, Office Equipment, Accounts Receivable and Inventory.  These are specifically governed by the provisions in Section 2.2.  Plaintiff alleges that the schedules delivered by Defendant were untimely and inaccurate. The dispute resolution in Section 2.2 specifically deals with the issues in Plaintiff's Complaint.  Plaintiff's claims are not outside the scope of the arbitration clause in Section 2.2.

The issue then is whether Defendant waived their right to arbitration.  Waiver may be implied or by the terms of the agreement.  Plaintiff has a heavy burden in proving waiver.  Any doubts whether there is a waiver are resolved in favor of arbitration. <u>United Nuclear Corp</u>., 93 N.M. at 114.

The terms of the agreement are to be interpreted according to the rules of contract law. <u>Id</u>. at 332.  The agreement does not specifically state when waiver occurs.  It does not state that failure to timely deliver schedule results in a waiver of dispute resolution.  Upon examination of the language used and its plain meaning, it does not follow that Defendants waived the right to arbitrate.  What the plain language states is that upon the lapse of twenty days following delivery of a notice of dispute, if there are any remaining disputes, they shall be submitted for

arbitration.  The language does not state, as Defendant argues, that the schedules must be delivered in a timely manner before any arbitration can take place.  In this case, Defendant delivered the schedules to Plaintiff.  Plaintiff challenged the schedules by mailing a Notice of Dispute on November 8, 1997.  Twenty days has passed since Plaintiff served its Notice of Dispute.  Thus, the issues are ripe for arbitration.

Implied waiver of the right to arbitration occurs, "when the party asserting it takes significant action inconsistent with the right."  <u>Board of Education Taos Municipal Schools v. The Architects, Taos</u> 103 N.M. 462,465, 709 P.2d 184 (1985).  Courts infer waiver when a party has involved the judicial system in the form of discovery or preparation for trial.  <u>Id</u>.  This is the the case here.  The sole pleadings by the Defendants are an Entry of Appearance, motions for extensions of time and the instant Motion.

Further, there is no evidence that Defendant voluntary relinquished the right to arbitration.  As discussed above, Section 2.2 does not state that Defendant could waive any of its rights under the Purchase Agreement for late delivery of the schedules.  There is no evidence in the record that Defendant intended not to pursue arbitration.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's Motion to Compel is granted and that the parties shall submit their dispute to arbitration pursuant to the specific terms of the

Purchase Agreement and that the present action is stayed pending arbitration.

```
                                    _____
                                    DON J. SVET
                                    UNITED STATES MAGISTRATE JUDGE
```